UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NEXTGEAR CAPITAL, INC.                    CIVIL ACTION NO. 1:14-cv-203

VERSUS                                    JUDGE

SELECT CAR COMPANY, INC., JAMES
DONALD SANANGELO, CHARLES D.
ANTHONY, and CLARENE ALLEN
ANTHONY                                   <u>JURY DEMANDED</u>

<u>**NOTICE OF REMOVAL**</u>

NOW INTO COURT through undersigned counsel, come Defendants, SELECT CAR

COMPANY, INC., JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and

CLARENE ALLEN ANTHONY, who respectfully file this Notice of Removal of the above

captioned lawsuit to the United States District Court in and for the Southern District of Indiana,

Indianapolis Division, from the Hamilton County Courts for the County of Hamilton, State of

Indiana, cause no. 29D011401CC411, where the action is now pending, as follows:

1.

This Court has original jurisdiction by virtue of 28 U.S.C. 1332 [complete diversity of

citizenship between the sole plaintiff and each of the defendants and the plaintiff's stated claims

exceed $75,000.00, exclusive of judicial interest and costs.

2.

On January 17, 2014, plaintiff filed this civil action entitled "*NextGear Capital, Inc.*

*versus Select Car Company, Inc., James Donald SanAngelo, Charles D. Anthony, and Clarene*

*Allen Anthony*, cause no. 29D011401CC411, Hamilton County Courts for the County of

Hamilton, State of Indiana."

3.

Defendant Select Car Company, Inc., is a Louisiana corporation, organized and incorporated in Louisiana and having its principal place of business in Shreveport, Louisiana.

4.

At all pertinent times, Defendant James Donald SanAngelo is and has been a major domiciliary of Shreveport, Caddo Parish, Louisiana.

5.

At all pertinent times, Defendant Charles D. Anthony is and has been a major domiciliary of Shreveport, Caddo Parish, Louisiana.

6.

At all pertinent times, Defendant Clarene Allen Anthony is and has been a major domiciliary of Shreveport, Caddo Parish, Louisiana.

7.

Plaintiff is a Delaware corporation, organized and incorporated in Delaware and having its principal place of business in Carmel, Indiana.

8.

There is complete diversity of citizenship between the plaintiff and the defendants.

9.

Plaintiff alleged, inter alia, facts which reasonably show that it is claiming it is owed in excess of $75,000.00 by defendants based on a promissory note, collection costs [pre-judgment and post-judgment], expenses [pre-judgment and post-judgment] and attorneys' fees [pre-

judgment and post-judgment].

10.

In Plaintiff's Complaint, plaintiff seeks: [a] damages at $60,171.60; Complaint, Pars. 16 and Prayer; [b] plaintiff's attorneys' fees; Complaint, Pars. 16,18,28,35,42, Prayer; [c] post-judgment attorneys' fees; Complaint, Prayer; [d] collection costs, pre-judgment and post-judgment; Complaint, Pars. 16,18,28,35,42, Prayer.  Collectively, plaintiff seeks damages, collection costs [not "costs" defined in 28 U.S.C. 1920] and attorneys' fees, which are used in calculating the amount in controversy given that these fees are provided for by contract. Exhibits A-D, as cited to infra par. 11.

11.

Plaintiff attached to the Complaint: [a] as Exhibit A, a copy of the Demand Promissory Note and Loan and Security Agreement, Appendix A, Advance Schedule, Reserve Agreement, and Power of Attorney; [b] as Exhibit B, Individual Guaranty of James Donald SanAngelo; [c] as Exhibit C, Individual Guaranty of Charles D. Anthony; [d] as Exhibit D, Individual Guaranty of Clarene Allen Anthony. Exhibit A, par. 18, provides for legal fees, expenses, and collection costs. Exhibits B, C and D, pars. 1[b], 2[a], 2[b], 2[c], 4, respectively, also provide for legal [attorneys'] fees [pre-judgment and post-judgment], expenses, and collection costs.

12.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

13.

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. 1441(a).

14.

For a district court to have original jurisdiction over an action founded on diversity of citizenship, the parties must be of diverse citizenship and the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a).  In determining whether diversity jurisdiction is proper, the court looks at the "complaint as it existed at the time the petition for removal was filed." _United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n_, 24 F.3d 1008, 1014 (7th Cir. 1994).

15.

In addition to damages, the alleged collection costs [pre-judgment and post-judgment], expenses [pre-judgment and post-judgment] and attorneys' fees [pre-judgment and post-judgment] are considered when determining the amount in controversy, as these are the claims made and which plaintiff seeks to be reduced to judgment. _Cadek v. Great Lakes Dragaway, Inc._, 58 F.3d 1209, 1211 [7th Cir.1995]; _Francis v. Allstate Ins. Co._, 709 F.3d 362 [4th Cir. (Md.) 2013]; _Foret v. Southern Farm Bureau Life Ins. Co._, 918 F.2d 534, 537 (5th Cir. [La.] 1990); _Givens v. W.T. Grant Co._, 57 F.2d 612 (2d Cir. [N.Y.]1972); _Haskell v. State Farm Mut. Automobile Ins. Co._, 69 Fed.Appx. 877 [9th Cir. (Hawai'i) 2003]; _Tropp v. Western-Southern Life Ins. Co._, 2003 WL 21688245 [U.S.D.C. N.D. Ill. 2003]; _Tench v. Jackson Nat'l Life Ins. Co._, 1999 WL 1044923, at *2 n. 1 (U.S.D.C. N.D. Ill. Nov. 21, 1999) (Attorneys fees are also relevant to determining the amount in controversy for diversity jurisdiction); _15–102 Moore's Federal_

*Practice,* Civil §102.106(6)(a). Exhibit B is an Affidavit concerning the amount in controversy.

16.

Federal courts have adopted the practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003).

17.

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

18.

Venue is proper in this Honorable Court. Exhibits B, C and D, par. 6[d], pp. 4 of 5, respectively.

19.

Copies of all process, pleadings, orders and other papers contained in the state court lawsuit, "*NextGear Capital, Inc. versus Select Car Company, Inc., James Donald SanAngelo, Charles D. Anthony, and Clarene Allen Anthony*, cause no. 29D011401CC411, Hamilton County Courts for the County of Hamilton, State of Indiana," are attached hereto as Exhibit 1 and arranged in order.

20.

Defendants seek to remove this lawsuit to this Honorable Court. 28 U.S.C. 1441. This court is the proper District and Division for removal, per 28 U.S.C. 94.

21.

The attorneys in this action are:

G. John Cento
Cento Law, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana   46204
317-396-2545
cento@centolaw.com
Attorneys for Defendants

David A. Szwak
Bodenheimer, Jones & Szwak, LLC
416 Travis St., Ste. 1404
Mid South Towers
Shreveport, Louisiana 71101
[318] 424-1400
Fax   221-6555
Email: bjks1507@aol.com
Attorneys for Defendants

and

Gary Hoke
Michael Gibson
1320 City Center Dr., Suite 100
Carmel, Indiana   46032
[317] 571-3849
Fax   571-3737
Attorneys for Plaintiff.

22.

The pleading filed to date is simply the Complaint by plaintiff.

23.

Undersigned counsel certifies that this is a true and complete copy of the record.

24.

No motions or exceptions are currently pending and we know of no impediment to this removal.

WHEREFORE Defendants, SELECT CAR COMPANY, INC., JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY, respectfully remove the above captioned lawsuit to the United States District Court in and for the Southern District of Indiana, Indianapolis Division, from the Hamilton County Courts for the County of Hamilton, State of Indiana, where the action is now pending.

Respectfully submitted,

**CENTO LAW, LLC**

/s/ G. John Cento

By: _____
G. John Cento
Cento Law, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana   46204
~~317-396-2545~~ 317-908-0678
cento@centolaw.com

**BODENHEIMER, JONES & SZWAK, LLC**

/s/ David A. Szwak

By:_____
David A. Szwak, LBR# 21157
416 Travis St., Ste. 1404
Mid South Towers
Shreveport, Louisiana 71101
[318] 424-1400
Fax    221-6555
**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel,

as noted below, and the Hamilton County Courts for the County of Hamilton, State of Indiana, by

placing a copy of same in the United States Mail, properly addressed and first class postage pre-

paid, on this the 11th day of February, 2014.

Gary Hoke
Michael Gibson
1320 City Center Dr., Suite 100
Carmel, Indiana   46032
[317] 571-3849
Fax   571-3737
Attorneys for Plaintiff

Clerk of Court
Hamilton County Courts, County of Hamilton, Indiana
One Hamilton County Square, Suite 106
Noblesville, Indiana 46060


/s/ G. John Cento
_____
**OF COUNSEL**