UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NEXTGEAR CAPITAL, INC.                         CIVIL ACTION NO.

VERSUS                                         JUDGE

SELECT CAR COMPANY, INC., JAMES
DONALD SANANGELO, CHARLES D.
ANTHONY, and CLARENE ALLEN
ANTHONY                                        JURY DEMANDED

## AFFIDAVIT

STATE OF LOUISIANA
CITY OF SHREVEPORT

     BEFORE ME, the undersigned Notary Public, personally came and appeared **DAVID A. SZWAK**, a major domiciliary of Bossier City, Louisiana, whose business address is 416 Travis Street, Suite 1404, Shreveport, Louisiana 71101, who after being duly sworn did depose and state, upon personal knowledge, as follows:

> I am the sole member and owner of Bodenheimer, Jones & Szwak, LLC ["law firm"], a law firm in Shreveport, Louisiana and I am familiar with the allegations and claims made in the above captioned Action, now being removed from Hamilton County Courts, Indiana, to the United States District Court in and for the Southern District of Indiana. I intend to participate as counsel of record for defendants if my application for admission is approved by the court as I hope it is.

> On January 17, 2014, plaintiff filed this civil action entitled "*NextGear Capital, Inc. versus Select Car Company, Inc., James Donald SanAngelo, Charles D. Anthony, and Clarene Allen Anthony*, cause no. 29D011401CC411, Hamilton County Courts for the County of Hamilton, State of Indiana." In that suit, plaintiff alleged facts which reasonably show that it is claiming it is owed in excess of $75,000.00 by defendants based on a promissory note, collection costs [pre-judgment and post-judgment], expenses [pre-judgment and post-judgment] and attorneys' fees [pre-judgment and post-judgment]. In plaintiff's Complaint, plaintiff seeks: [a] damages at $60,171.60; Complaint, Pars. 16 and Prayer; [b] plaintiff's attorneys' fees; Complaint, Pars. 16,18,28,35,42, Prayer; [c] post-judgment attorneys' fees; Complaint, Prayer; [d] collection costs, pre-judgment

Page -1-

and post-judgment; Complaint, Pars. 16,18,28,35,42, Prayer. Collectively, plaintiff seeks damages, collection costs [not "costs" defined in 28 U.S.C. 1920] and attorneys' fees, which are used in calculating the amount in controversy given that these fees are provided for by contract. Exhibits A-D to the Notice of Removal. Plaintiff attached to the Complaint: [a] as Exhibit A, a copy of the Demand Promissory Note and Loan and Security Agreement, Appendix A, Advance Schedule, Reserve Agreement, and Power of Attorney; [b] as Exhibit B, Individual Guaranty of James Donald SanAngelo; [c] as Exhibit C, Individual Guaranty of Charles D. Anthony; [d] as Exhibit D, Individual Guaranty of Clarene Allen Anthony. Exhibit A, par. 18, provides for legal fees, expenses, and collection costs. Exhibits B, C and D, pars. 1[b], 2[a], 2[b], 2[c], 4, respectively, also provide for legal [attorneys'] fees [pre-judgment and post-judgment], expenses, and collection costs. I recognize that these attachments to the Complaint may be considered by the court in analyzing the amount in controversy. I also recognize that, In addition to damages, the alleged collection costs [pre-judgment and post-judgment], expenses [pre-judgment and post-judgment] and attorneys' fees [pre-judgment and post-judgment] are considered when determining the amount in controversy, as these are the claims made and which plaintiff seeks to be reduced to judgment and the amount in controversy is determined by the amount at stake in the underlying litigation. No specific attorneys' fees, costs and expenses are plead in an ad damnum provision but are left open-ended by plaintiff.

I have prefaced my opinions with background details and I believe that the attorneys' fees pre-judgment in this Action will exceed $15,000.00. I base that opinion on the complexity of the issues, together with defendants' anticipated defenses and objections to the claims, as well as the nature of detailed contractual disputes involving financing arrangements such as presented in this Action and geographic disparity between the parties. Further, there are a number of anticipated legal issues to be addressed and the parties are from differing states which will require discovery and depositions in Indiana and Louisiana and possibly other states. Further, there are likely to be several issues addressed in pre-Answer motion practice. I recognize that plaintiff also seeks post-judgment attorneys' fees through completion of collection of the monies it contends that will be awarded in this Action. That remedy sought is also a claim and stake in this Action asserted by plaintiff. I believe that the attorneys' fees post-judgment, assuming in a generous manner that plaintiff is entitled to judgment which is denied by defendants, in this Action could easily exceed $15,000.00.

In addition to the attorneys' fees, pre-judgment and post-judgment, plaintiff is seeking collection costs [pre-judgment and post-judgment] and expenses [pre-judgment and post-judgment]. I believe that these costs [outside of those found in 28 U.S.C. 1920] and expenses [outside of those found in 28 U.S.C. 1920] will

exceed $15,000.00

I am of the opinion that, based solely on the plaintiff's Complaint and attachments, together will my experience in similar actions in more than twenty years of the practice of law in multiple federal and state actions, the amount in controversy in this Action easily exceeds $75,000.00 and very likely, as plead, would easily exceed $100,000.00, which is more than adequate to meet the threshold for jurisdiction under 28 U.S.C. 1332, together with the fact that the plaintiff and defendants are diverse in their citizenship and removal is timely in this matter.

_____
**DAVID A. SZWAK**

SWORN TO AND SUBSCRIBED BEFORE ME this the __11th__ day of __February__ 2014.

_____
NOTARY PUBLIC

REBECCA COLE JORDAN, NOTARY PUBLIC
CADDO PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE
NOTARY NO. 065703