UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NEXTGEAR CAPITAL, INC.

CIVIL ACTION NO.
1:14-cv-00203-WTL-DKL

VERSUS

SELECT CAR COMPANY, INC., JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY

JURY DEMANDED

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR, ALTERNATIVELY, FOR TRANSFER OF ACTION PER 28 U.S.C. 1404[a]**

NOW INTO COURT, through undersigned counsel, come Defendants SELECT CAR COMPANY, INC., JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY, who respectfully move this Honorable Court to dismiss this Action for lack of personal jurisdiction or for improper venue, or, alternatively, to transfer this Action to the Western District of Louisiana, Shreveport Division, as follows:

1.

Plaintiff is the successor by merger of two prior entities operating as Manheim Automotive Financial Services, Inc., and Dealer Services Corporation.

2.

Plaintiff contracted with defendant SELECT CAR COMPANY, INC., ["Select"] to provide certain used automobile floor plan finance and Select's principals, JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY, [collectively "guarantors"] signed individual guarantees to Select's contract.

3.

Defendant Select is a very small used car lot in Shreveport, Louisiana. Its principals have been in the used car business for years.

4.

Defendants conduct no business in Indiana and there is no basis whatsoever for haling defendants into court in Indiana.

5.

Plaintiff is a large national finance operation focused on small used car dealers.

6.

Select's contact and the guarantees provided that suit must be brought in Marion or Harrison County, Indiana. Par. 21, Select's contract; pp.4 of 5, par. [d], of guarantee contracts. There is a purported consent to jurisdiction and venue provision. Id. Plaintiff even placed a clause in the contracts that purports to have Select and the guarantors waive any objection to jurisdiction, venue or forum non conveniens. Id. Plaintiff then reserved unto itself the right to sue defendants in any competent court. Id. Thereafter, plaintiff added an arbitration clause binding defendants to arbitrate disputes. Id. The contract provides for interpretation under Indiana law. Id.

7.

The contract does not provide that the Action or disputes may only be litigated or resolved in Indiana state or federal courts or only in an Indiana arbitral forum. Indeed, the contract's jurisdiction and venue provisions seem conflicting and confusing to some degree.

8.

Courts traditionally have reviewed with heightened scrutiny the terms of contracts of

adhesion, which are defined by law as form contracts offered on a take-or-leave basis by a party with stronger bargaining power to a party with weaker power.

9.

Forum-selection clauses contained in form contracts are subject to judicial scrutiny for fundamental fairness. To be enforceable such clauses must be noticeable and reasonable. The subject personal jurisdiction waivers/forum selection clause is in small print and confusing. It is also unreasonable since it allows plaintiff to solicit and sell its financing services in one state while at the same time chilling and extinguishing meritorious claims by forcing injured small business consumers to bring or defend suits in a distant and economically inaccessible forum.

10.

Agreements in advance of controversy whose object is to oust the jurisdiction of the courts are contrary to public policy, and should not be enforced. The Supreme Court, in **M/S Brenman v. Zapata Off–Shore Co.**, 407 U.S. 1, 92 S.Ct. 1907 [1972], held that forum selection clauses cannot be enforced where the clause would be "unreasonable under the circumstances," or where the clause is "invalid for such reasons as fraud or overreaching." Id. at 1913,1916. Here, the plaintiff's clause leads to a very unreasonable result if enforced as written. Further, the contractual provision and conduct of plaintiff involved overreaching and fraud.

11.

Most significant is that all events prior to plaintiff filing this lawsuit occurred solely in Louisiana where Louisiana law forbade such contractual provisions.

12.

A party cannot circumvent the law of the place where all such events take place, including

execution of the contract and all performance, by placing a choice of law provision in the agreement. Further, the subject jurisdiction and venue selection and waiver clauses are illegal under Louisiana law.

13.

Louisiana law should be used to decide if the jurisdiction waiver/forum selection clause is viable and whether it confers venue because conflicts of laws requires so and state long-arm standards govern personal jurisdiction in federal courts.

14.

Solely in reviewing defendants' 1404[a] motion, federal standards apply as to that motion alone. **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 28, 108 S.Ct. 2239, 2243 [1988].

15.

Even if the personal jurisdiction waivers/forum selection clause[s] is [are] found viable and enforceable, this Honorable Court may transfer venue under 1404[a]. **Northwestern Nat. Ins. Co. v. Donovan**, 916 F.2d 372, 378 [7th Cir. 1990].

16.

Neither defendants or their employees, members and agents have traveled to the State of Indiana and do not conduct any activities there. Defendants do not engage in any activities such as to provide any colorable basis for general personal jurisdiction over them in Indiana.

17.

The subject contract was entered into in Louisiana, not Indiana. All contacts and discussions took place in Louisiana, not Indiana. All services or other matters related to the contract were delivered, made and transacted in Louisiana, not Indiana. The physical evidence is located in

Louisiana, as well as the witnesses. The collateral is located in Louisiana, not Indiana.

18.

The mere existence of a contract between the non-resident defendant and the resident plaintiff does not, by itself, establish personal jurisdiction.

19.

Louisiana law is clear in that any objection to venue cannot be waived, contractually or otherwise, prior to the institution of the action. La. C.C.P. Art. 44; **Fidelak v. Holmes European Motors, L.L.C.**, --- So.3d ----, 2013 WL 6439231, 2013-0691 [La. 12/10/13]; **Thompson Tree & Spraying Service, Inc. v. White-Spunner Const., Inc.**, 68 So.3d 1142 [La. App. 3 Cir. 2011].

20.

The subject clauses are buried in the small print in the contract, are adhesionary and illegal under Louisiana law, per La. C.C.P. Art. 44 and La. R.S. 51:1407. The statutes at issue, being the highest source of Louisiana law as discussed in **Thompson Tree**, supra, make it very clear that it is against the public policy of Louisiana to allow contractual clauses to alter jurisdiction or venue in advance of the filing of a suit, contrary to the provisions of the Louisiana Code of Civil Procedure and no provision of any contract purporting to waive or select jurisdiction or venue in advance of the filing of any civil action may be enforced. The Legislature specifically referred to: "R.S. 51:1405," "any plaintiff," "filing of any civil action," "any contract," and "[I]t being against the public policy of the state of Louisiana to allow a contractual selection of.....jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure."

21.

The subject personal jurisdiction waivers/forum selection clause were never pointed out to

defendants and they had no knowledge or reason to understand that the contracts would purportedly require them to appear in litigation across the United States from their home and place of business. Forcing defendants to litigate in Indiana is an unreasonable and unjust result. The limited dealings between the parties have absolutely no connection with Indiana and defendants had no reasonable expectation of being forced to litigate in Indiana. Neither specific or general personal jurisdiction exist over either of the defendants in Indiana. Fundamental fairness cannot be found through enforcement of plaintiff's fine print.

22.

Personal jurisdiction waivers/forum selection clauses are unreasonable: [1] if their incorporation into the agreement was the result of fraud or overreaching; [2] if the complaining party will for all practical purposes be deprived of his or her day in court, due to the grave inconvenience or unfairness of the selected forum; [3] if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or [4] if the clauses contravene a strong public policy of the forum state. **Roby v. Corporation of Lloyd's**, 996 F.2d 1353, 1363 [2d Cir. 1993]; **Pitts, Inc. v. Ark-La Resources, L.P.**, 717 So.2d 268, 269 [La. App. 2 Cir. 1998]; **M/S Bremen v. Zapata Off-Shore Co.**, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 [1972].

23.

The Supreme Court defined the fundamental fairness test to involve examination of: [1] whether one party set the forum as a bad faith tactic to discourage pursuit of legitimate claims; [2] whether consent was obtained through fraud or overreaching; or [3] whether the contesting party was given notice of the forum provision. **Carnival Cruise Lines, Inc. v. Shutes**, 499 U.S. 585, 594-595, 111 S.Ct. 1522, 1528.

24.

Some courts have adopted the following tests to determine whether a foisted, adhesionary clause is reasonable in terms of fundamental fairness: [1] whether the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means; [2] whether the designated forum would be closed to the claims or would not effectively handle the claims; or [3] whether the designated forum would be so seriously inconvenient that to require the plaintiff to bring claims there would effectively deprive him of his day in court. **Long v. Dart Intern., Inc.**, 173 F.Supp.2d 774 [U.S.D.C. W.D. Tenn. 2001].

25.

The Supreme Court announced an important exception to the prima facie validity of forum selection clauses. Such clauses will not be enforced if doing so would violate "a strong public policy of the forum, whether declared by statute or judicial decision." **M/S Bremen v. Zapata Off-Shore Co.**, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 [1972]. Clearly, Louisiana has a strong public policy against such clauses. Supra.

26.

While defendants cannot show "fraud" in the formation of the agreement, it is clear that the buried clause was the result of overreaching and an imbalance in the power of the parties in contracting. If any factor is missing, the court may refuse to enforce it.

27.

Defendants had no power to alter or change any of the terms of the agreement. Defendants will, for all practical purposes, be deprived of their day in court and will be driven out of business if it is forced to litigate in Indiana. Litigating in Indiana is a grave inconvenience for defendants.

Litigating in a forum so distant and completely unconnected to the events giving rise to the suit is unfair. Fundamental fairness of the plaintiff's chosen forum will deprive the defendants of their ability to defend themselves. Further, the personal jurisdiction waivers/forum selection clauses clearly contravene a strong public policy of Louisiana.

28.

The contract executed with plaintiff, in this case, was a standardized, pre-printed and typed contract used by plaintiff all of the time and across the country. Indeed it is almost the same, exact language used by the predecessor entities Manheim and Dealer Services Corp, referenced in par. 1, supra. There was no opportunity to make changes to the form contracts. Defendants had no bargaining power. The selection of a forum in advance reduces the plaintiff's exposure to suits in forums all over the United States, although plaintiff enjoys the benefit of doing business across America and selecting one of several powerful means to attack its own customers. Despite the inherent unfairness of the clause, the primary reason not to enforce it is that Louisiana law forbade it.

29.

This Honorable Court lacks personal jurisdiction over the defendants.

30.

Venue is improper in this Honorable Court. Pursuant to 28 U.S.C. 1391, venue is improper as defendants do not reside in Indiana or this District. Further, no events, transactions or omissions giving rise to the claims therein in Indiana or this District. Further still, there is no property situated in Indiana or this District which is the subject of this Lawsuit. Defendants are not subject to personal jurisdiction in Indiana and defendant has no "minimum contacts" with Indiana.

31.

Alternatively and only in the event this Honorable Court finds personal jurisdiction over defendants and finds proper venue, then defendants move this Honorable Court to transfer this cause to the Western District of Louisiana, Shreveport Division, a District with proper venue, where defendants are each located and reside, where the subject vehicles are located, where the contract discussions and signing occurred, where payments were made, where all witnesses are located and where all events transactions and omission occurred. Plaintiff's choice of forum should be accorded no weight as none of the events are related to this District.

32.

Transfer of venue would serve to protect the litigants, witnesses and public from unnecessary expense, burden and inconvenience. The interests of justice mandate a transfer to Louisiana.

33.

Defendants submit the attached affidavits in support of their motion.

WHEREFORE DEFENDANTS SELECT CAR COMPANY, INC., JAMES DONALD SANANGELO, CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY, PRAY that this motion be granted and this action be dismissed or transferred under the alternative relief requested.

Respectfully submitted,

**CENTO LAW, LLC**

/s/ G. John Cento

By: ________________________________

G. John Cento
Cento Law, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana 46204
317-396-2545
cento@centolaw.com

**BODENHEIMER, JONES & SZWAK, LLC**

/s/ David A. Szwak

By:________________________________

David A. Szwak, LBR# 21157
416 Travis St., Ste. 1404
Mid South Towers
Shreveport, Louisiana 71101
[318] 424-1400
Fax 221-6555

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel, as noted below, by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid, on this the 3rd day of March, 2014.

Gary Hoke
Michael Gibson
1320 City Center Dr., Suite 100
Carmel, Indiana 46032
[317] 571-3849
Fax 571-3737
Attorneys for Plaintiff

/s/ G. John Cento

________________________________

**OF COUNSEL**