UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NEXTGEAR CAPITAL, INC.

VERSUS

SELECT CAR COMPANY, INC., JAMES
DONALD SANANGELO, CHARLES D.
ANTHONY, and CLARENE ALLEN
ANTHONY

CIVIL ACTION NO.
1:14-cv-00203-WTL-DKL

JURY DEMANDED

## AFFIDAVIT

STATE OF LOUISIANA
PARISH OF CADDO

BEFORE ME, the undersigned Notary Public personally came and appeared CHARLES D. ANTHONY, a major domiciliary of Shreveport, Caddo Parish, Louisiana who after being duly sworn and depose and state, as follows:

I am 74 years old and a used car salesman. I have been in the used car business for decades here in Shreveport, Louisiana. I have been named as a defendant in this Lawsuit. I am a manager of SELECT CAR COMPANY, INC. SELECT CAR COMPANY, INC., is a very small used car lot in Shreveport, Louisiana. It has been in the business of selling used car business for many years.

SELECT CAR COMPANY, INC., conducts no business in Indiana or states other than Louisiana. There is no basis whatsoever for making me appear in court in Indiana.

Plaintiff is a large national finance operation focused on small used car dealers. Plaintiff is the successor by merger of two prior entities operating as Manheim Automotive Financial Services, Inc., and Dealer Services Corporation. I did some business with the predecessors some years back.

Plaintiff contracted with SELECT CAR COMPANY, INC., to provide certain used automobile floor plan finance. Plaintiff demanded that Select's principals, JAMES DONALD SANANGELO [me], CHARLES D. ANTHONY, and CLARENE ALLEN ANTHONY, [collectively "guarantors"] sign some individual guarantees to Select's contact. Plaintiff has a Louisiana office and its employees came to Select's office to sell these dealer services, primarily consisting of car floorplan financing. Plaintiff had its own contract forms and refused to negotiate terms or conditions. There are very few financiers for floorplans anymore due to the economy, risks of used car financing, costs and other financial considerations that make floorplan financing not as attractive to lenders any more. Plaintiff has positioned itself to demand terms that make the process

EXHIBIT 2

very one-sided.

Plaintiff sued Select and the guarantors and we have a very strong defense on the merits to the claims. Plaintiff had $50,000 in reserve of monies belonging to defendants and plaintiff took those funds to pay off the remaining automobiles we had on hand and yet refused to tender the auto titles leaving us with harmed customers and plaintiff failed to conform with our contract with plaintiff. Plaintiff kept the titles thereby causing problems to our dealership. After damaging the cash flow and our ability to operate, plaintiff started seizing our autos and trying to force us out of business. Plaintiff has used its position to try to ruin us like they have so many other small car dealers. We have honored our contracts and commitments and have now been sued by this company.

When plaintiff's employees presented the subject contracts [the main contract with Select and the guarantees], we were all at Select's offices in Shreveport. Customers were coming in and out and plaintiff's employees were rushing us to sign the papers despite the business flow and the type set was too small and unreadable. We believe that plaintiff set our company up in trying to have us sign on very unfavorable terms and conditions, in a rush scenario, high pressure sales events, and in an effort to then squeeze our company out. There is no other logical explanation for plaintiff's acts. Now, they want to sue us in Indiana, where none of us have been. Nothing in this case is related to Indiana except that plaintiff claims to have some offices there. We had no contact with the nState of Indiana. We have not agreed to go to Indiana. None of us ever recall seeing an agreement to have to go to Indiana and the plaintiff's documents, from our review, seem to be put together in a strange manner and do not line up right and the language is not correct from page to page. There is something terribly wrong with the documents presented by plaintiff.

I have personal knowledge of all of the affairs of Select. I work there all day long every day. We have not traveled to the State of Indiana and do not conduct any activities there. None of the defendants named in this lawsuit have any connection with the State of Indiana. Select does not engage in any activities in Indiana. The actual contract documents between plaintiff and defendants were entered into and executed in Louisiana, not Indiana. All floorplan activities or other matters related to the contracts were delivered, made and transacted in Louisiana, not Indiana. Forcing Select and me to litigate in Indiana will be so expensive that we will be deprived of our day in court. Travel to Indiana is very expensive according to prices I have looked up. No one associated with plaintiff ever suggested that there was any language suggesting that Select or I might be waiving our rights to sue or be sued in Louisiana and we had no expectation that such a clause might be embedded in those contract papers. Plaintiff's employees did not point out any such language and the contracts were presented for my review and signature in a very rushed manner in the midst of seeing customers on the lot. The text of the documents was crunched down into small text and is very hard to read, at best.

I have never been to Indiana. Indiana is thousands of miles from where I live and I have no reason to ever visit there or expect to be sued or have to sue there. The cost of having

Louisiana and Indiana counsel to defend us there is very expensive and prohibitive. The Louisiana economy has been devastated and was the cause of financial problems for Select and me. At no time did I knowingly consent to be subject to the personal jurisdiction of the state courts of the State of Indiana.

I am not a sophisticated business person. I consider myself to be an ordinary consumer of ordinary abilities to understand business matters. I am unable to travel to some remote jurisdiction to litigate through trial. I have limited income due to the effects of the economy in Louisiana. I am unable to continue to pay a lawyer from this State and another state to continue to prosecute such a lawsuit. This lawsuit is damaging my financial abilities.

In securing a finance agreement with plaintiff, we had no ability to negotiate the terms. The contract papers were handed to us to sign as I was in the process of meeting with car sales customers. No one ever mentioned any clause suggesting that I would waive my rights to pursue a lawsuit in Louisiana or that I might be giving up my rights not to be sued in Indiana. In fact, the State of Indiana was not discussed at all. Plaintiff was aware of our financial condition, that we are a small car lot and we needed financing to obtain cars to sell. The documents were handed to me in a rush and I was asked to sign them and hand them back so plaintiff could quickly provide the financing requested. If plaintiff's representative had mentioned the presence of the forum selection clause or waiver of my rights to pursue claims or rights to defend myself, I would not have signed the agreement. If plaintiff's representative had mentioned waiver of my rights to pursue a lawsuit in Louisiana or that I might be giving up my rights not to be sued in Indiana, I would not have signed the agreement. Plaintiff is a very large lending institution which holds itself out as understanding the used car dealer business and providing specialized financing for that purpose.

No one directed my attention to the clauses which are presented in tiny print and which were not highlighted or designed to draw attention to that language. I would have read and asked questions about the language if my attention would have been drawn to it.

The subject finance contract was entered into in Louisiana, not Indiana. All contacts and discussions took place in Louisiana, not Indiana.

_____
CHARLES D. ANTHONY

SWORN TO AND SUBSCRIBED BEFORE ME, this the 3 day of March, 2014.

_____
NOTARY PUBLIC
DAVID SZWAK