UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:14-cv-00203-WTL-DKL |
| ) | |
| SELECT CAR COMPANY INC., ) | |
| JAMES DONALD SANANGELO, ) | |
| CHARLES D. ANTHONY, and ) | |
| CLARENE ALLEN ANTHONY, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff NextGear Capital, Inc., ("Plaintiff"), by counsel, respectfully objects to the Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue or, Alternatively, For Transfer of Action Per 28 U.S.C 1404(a) (the "Motion") filed by defendants Select Car Company Inc. ("Dealer"), James Donald Sanangelo ("Sanangelo"), Charles D. Anthony ("C.D. Anthony") and Clarene Allen Anthony ("C.A. Anthony" and together with Dealer, Sanangelo and C.D. Anthony, the "Defendants"), by counsel, on or about March 3, 2014.  In support of such Objection, Plaintiff states as follows:

1. Plaintiff filed its complaint (the "Complaint") in this case on January 17, 2014 in the Hamilton County Courts, Hamilton County, Indiana.

2. This matter was removed to the United States District Court for the Southern District Court of Indiana, Indianapolis Division, on February 11, 2014.

3. Defendants, by counsel, field the Motion on March 3, 2014. The Defendants' stated basis for dismissal include (1) that the Defendants do not reside within the state of Indiana; (2) that none of the allegations stated in the Complaint occurred within Indiana; and (3)

that the forum-selection clauses in the Note and each Guaranty, as those terms are defined in the Complaint, are unreasonable, involved overreaching, and the forum selection clauses are barred by Louisiana law.

4. In the Motion, the Defendants admitted the execution of the Note and each Guaranty, as those terms are defined in the Complaint.

5. Plaintiff's claims for breach of contract and breach of guaranty are all founded on the Note and the Guaranty.

6. Paragraph 21 of the Note, which forms the basis for Plaintiff's cause of action against defendant Select Car Company Inc., states:

> As evidenced by Borrower's signature below, Borrower submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana and agrees that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, initiated by Borrower against [Plaintiff], shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana.  Further, Borrower expressly consents to the jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana as to any legal or equitable action that may be brought in such court by [Plaintiff] and waives any objection based upon lack of personal jurisdiction, improper venue, or forum non conveniens with respect to any such action.

A true and accurate copy the Note is attached to the Complaint as <u>Exhibit A</u>.

7. Additionally, Paragraph 5(d) of each Guaranty, which forms the basis for Plaintiff's cause of action against defendants James Donald Sanangelo, Charles D. Anthony, and Clarene Allen Anthony, respectively, states:

> As evidenced by Guarantor's signature below, Guarantor submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana and agrees that any and all claims or disputes pertaining to this Guaranty, or to any matter arising out of or related to this Guaranty, initiated by Guarantor against [Plaintiff], shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana.  Further, Guarantor expressly consents to the jurisdiction and venue of the state and federal courts of

> Marion County and Hamilton County, Indiana as to any legal or equitable action that may be brought in such court by [Plaintiff], and waives any objection based upon lack of personal jurisdiction, improper venue or forum non conveniens with respect to any such action.

True and accurate copies of each Guaranty are attached to the Complaint as <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u>, respectively.

8. Defendants have not denied the execution of either the Note or any Guaranty, nor do the Defendants allege that the signatures on the Note or any Guaranty were forged or were executed under duress.

9. Choice of venue clauses, such as the one included in the Note and each Guaranty, are enforceable in Indiana. *Farm Bureau General Insurance Company of Michigan v. Robert M. Sloman*, 871 N.E.2d 324 (Ind.App. 2007); *Adsit Company, Inc. v. Julie Kay Gustin and Mary K. Gustin*, 874 N.E.2d 1018 (Ind.App. 2007).

10. In the Note and each Guaranty, Defendants expressly consented to the jurisdiction of the Courts of the State of Indiana and to venue in the state and federal courts in Marion and Hamilton County, Indiana.

11. To have Plaintiff's forum-selection clause set aside, Defendants must show that enforcement of the clause would be unreasonable or unjust. "…[B]efore a trial court may disregard or set-aside a forum-selection clause, the party opposing the enforcement must clearly show that enforcement would be unreasonable or unjust or that the clause was invalid for such reasons as fraud." *Grott v. Jim Barna Log Systems-Midwest, Inc.*, 794 N.E.2d 1098 (Ind. App. 2003).

12. In the instant case, Defendants argue that the forum-selection clauses in the Note and the Guaranty are "unreasonable and unjust." However, their claims are based on no specific evidence unique to the facts of this case, but rather they rely on the same arguments made in

every case in which a defendant seeks to avoid enforcement of a forum-selection clause. Specifically, they cite the distance between the defendant's residence and the court in which jurisdiction is sought; the lack of business contacts between plaintiff and defendants in Indiana; and personal and financial inconveniences to the defendants if forced to defend the action in Indiana. None of these inconveniences, however, rises to the level of "unreasonable and unjust" circumstances contemplated in *Grott*. Therefore, Defendants' assertion that the jurisdiction of this Court is improper lacks merit.

13. Defendants next ask the Court to dismiss this case on the basis that Louisiana law, and not Indiana law, controls the issues set forth in the Complaint. This argument, too, fails based upon the plain language of the Note and the Guaranty. In addition to Paragraph 21 of the Note and Paragraph 5(d) of each Guaranty, both of which are cited above, Paragraph 20 of the Note adds "[T]he validity, enforceability and interpretation of this Note and the other Loan Documents shall be governed by the internal laws of the State of Indiana, without regard to conflicts of Laws provisions thereof."

14. In short, none of the Defendants' arguments satisfies the elements needed to set aside the forum selection clauses in the Note and the respective Guaranty, and the Motion to Dismiss must therefore be denied.

15. Likewise, the Defendants' request for transfer under 28 U.S.C. 1404(a) should be denied as Plaintiff's forum selection clause in the Note and the respective Guaranty are valid and applicable. "A party can seek to rescind a forum selection clause, as the defendants have sought to do here, but if the attempt fails and the clause is held to be valid, then section 1404(a) may not be used to make an end run around it." *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990).

WHEREFORE, Plaintiff prays that its Objection to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue or, Alternatively, For Transfer of Action Per 28 U.S.C 1404(a) be sustained, and for all other relief that is just and proper.

Date: <u>March 24, 2014</u>.

/s/ Michael G. Gibson
_____
Gary M. Hoke (#19400-49)
Michael G. Gibson (#29665-49
1320 City Center Drive, Suite 100
Carmel, IN  46032
Telephone:  (317) 571-3849
Facsimile: (317) 571-3737
Email: mgibson@nextgearcapital.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing has been filed with the Court via ECF and will be distributed to all ECF-registered counsel of record via ECF email , this 24th day of March, 2014.

G. John Cento
Cento Law, LLC
cento@centolaw.com

/s/ Michael G. Gibson
_____
Michael G. Gibson (#29665-49)