UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:14-cv-00203-WTL-DKL |
| ) | |
| SELECT CAR COMPANY INC., ) | |
| JAMES DONALD SANANGELO, ) | |
| CHARLES D. ANTHONY, and ) | |
| CLARENE ALLEN ANTHONY, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

A.  Plaintiff: NextGear Capital, Inc.

Represented by:

Gary M. Hoke, Esq. (ghoke@nextgearcapital.com)
Atty. No. 19400-49
1320 City Center Drive, Suite 100
Carmel, IN 46032
(317) 571-3849
(317) 571-3737- Facsimile

Christopher M. Trapp (ctrapp@nextgearcapital.com)
Atty. No. 27367-53
1320 City Center Drive, Suite 100
Carmel, IN 46032
(317) 571-3736
(317) 571-3737- Facsimile

Michael G. Gibson (mgibson@nextgearcapital.com)
Atty. No. 29665-49
1320 City Center Drive, Suite 100
Carmel, IN 46032
(317) 660-2507
(317) 571-3737- Facsimile

B. Defendants: Select Car Company Inc., James Donald Sanangelo, Charles D. Anthony and Clarene Allen Anthony

Represented by:

G. John Cento (cento@centolaw.com)
Cento Law, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204
(317) 908-0678

David A. Szwak, LBR# 21157
Bodenheimer, Jones & Szwak, LLC
416 Travis St., Ste. 1404
Mid South Towers
Shreveport, Louisiana 71101
(318) 424-1400
Fax   221-6555

## II.   Jurisdiction and Statement of Claims

A.   Subject Matter Jurisdiction - The parties disagree regarding whether subject matter jurisdiction exists.  Defendants removed this case from the Hamilton Superior Court, contending that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).  Plaintiff contends that the amount in controversy is less than $75,000.00 and diversity jurisdiction does not exist.

B.   Plaintiff's Statement of Claims - Plaintiff provides "floor-plan financing" to the automotive remarketing industry.  In this case, Plaintiff made loans to Defendant, Select Car Company Inc.  To that end, on or about July 1, 2013, Plaintiff and Select Car Company Inc. entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") in the principal sum of $75,000.00. On or about July 1, 2013, defendants James Donald Sanangelo, Charles D. Anthony, and Clarene  Allen Anthony each signed individual personal guaranties (collectively, the "Guaranties"), whereby they each, individually, guaranteed payment to Plaintiff of all liabilities and obligations of Select Car Company Inc. pursuant to the Note. The Defendants breached their respective obligations under the Note and Guaranties by failing to pay sums due and payable thereunder. The amount due under the Notes and Guaranties as of the date Plaintiff filed its suit is $60,171.60.  Under basic contract law, the Defendants are liable to Plaintiff.

C.   Defendant's Statement of Defenses – Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue or, Alternatively, for Transfer of Action per 28 U.S.C. 1404[a]. Plaintiff has opposed that motion and the matter is pending at this time. In addition to the pending motion, defendants have defenses on the merits of this Action. Defendants deny that Plaintiff's claims have merit and intend to vigorously defend against such claims, including any claim that Defendants are liable to Plaintiff under the terms of

any alleged contract, including the Demand Promissory Note and Loan and Security Agreement or any alleged personal guaranties identified in Plaintiff's Complaint.

   D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

 **III.** **Pre-Trial Pleadings and Disclosures**

   A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before June 11, 2014.

   B. Plaintiff shall file preliminary witness and exhibit lists on or before July 11, 2014.

   C. Defendants shall file preliminary witness and exhibit lists on or before August 11, 2014.

   D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before July 11, 2014.

   E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before July 11, 2014. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

   F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 11, 2015.

   G. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 11, 2015; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before April 11, 2015.

   H. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

   I. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days prior to trial. Any party who wishes to preclude expert

witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

  J. All parties shall file and serve their final witness and exhibit lists on or before April 11, 2015.

  K. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

  L. The parties agree to perform a reasonable and thorough search of all electronically stored discovery information, including but not limited to e-mails, and to preserve all documents for purposes of making them available for production through discovery. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

  **IV.** **Discovery and Dispositive Motions**

  A. **Plaintiff's Statement Regarding Dispositive Motions -** Plaintiff will seek summary judgment based on the factual and/or legal bases as follows: Plaintiff submits that it cannot be disputed that Plaintiff and Dealer entered into the Note, Plaintiff advanced funds to Dealer and/or certain third parties on Dealer's behalf pursuant to the Note, that Dealer defaulted under the terms of the Note and that there remains an outstanding balance owed to Plaintiff pursuant to the Note. Additionally, Plaintiff submits that it is undisputed that James Donald Sanangelo, Charles D. Anthony, and Clarene Allen Anthony each signed invididual personal guaranties of the indebtedness under the Note, and are therefore jointly and severally liable.

  B. Defendant's Statement Regarding Dispositive Motions - Defendant may seek summary judgment based on the factual and/or legal bases as follows: Defendants show that Plaintiff maintained monetary reserves [defendant-dealership's monies] and refused to tender titles after seizing the reserved funds and then sought to force defendants to pay additional monies and damaged defendants' sales of autos to third parties. There are issues concerning liability and anticipated counterclaims that will be filed. Depending on whether facts are undisputed, defendants may seek summary judgment on some or all of the claims.

  C. Track 2: Dispositive motions are expected and shall be filed by February 11, 2015; non-expert witness discovery and discovery relating to liability issues shall be completed by October 11, 2014; expert witness discovery and discovery relating to damages shall be completed by May 11, 2015.

### V. PreTrial/Settlement Conferences

Plaintiff requests that an initial settlement conference be held with either the Magistrate Judge or District Judge. Plaintiff recommends a settlement conference in September, 2014.

### VI. Trial Date

The Plaintiff requests a trial date in October, 2015. Defendants have requested a trial by jury. Plaintiff objects to the jury demand and intends to file a motion to strike the same based upon the Note and Guaranty.

### VII. Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

### VIII. Required Pre-Trial Preparation

**A. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of witnesses who are expected to be called to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a questions and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, jury questionnaires, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law.)

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

      B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion shall be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

1. Plaintiff intends to seek remand of this case to the Hamilton Superior Court because Plaintiff contends this Court lacks subject matter jurisdiction. Defendant will object to and oppose that Motion.

2. Plaintiff will move to strike the jury demand made by Defendants in this case. Defendants will object to and oppose that Motion.

3. Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue or, Alternatively, for Transfer of Action per 28 U.S.C. 1404[a]. Plaintiff has opposed that motion and the matter is pending at this time.

Date: <u>May 22, 2014</u>.

/s/ Michael G. Gibson
_____
Gary M. Hoke (#19400-49)
Michael G. Gibson (#29665-49)
1320 City Center Drive, Suite 100
Carmel, IN  46032
Telephone:  (317) 571-3849
Facsimile: (317) 571-3737
Email: mgibson@nextgearcapital.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The foregoing has been filed with the Court via ECF and will be distributed to all ECF-registered counsel of record via ECF email , this 22[th] day of May, 2014.

G. John Cento
Cento Law, LLC
cento@centolaw.com

David A. Szwak
Bodenheimer, Jones & Szwak, LLC
bjsatty@bellsouth.net

/s/ Michael G. Gibson
_____
Michael G. Gibson (#29665-49)