UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-00203-WTL-DKL |
| ) | |
| SELECT CAR COMPANY, INC., ) | |
| DONALD SANANGELO, ) | |
| CHARLES D. ANTHONY, AND ) | |
| CLARENE ALLEN ANTHONY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO REMAND TO THE HAMILTON COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff NextGear Capital, Inc. ("**Plaintiff**"), by counsel, for its Motion to Remand to the Hamilton Superior Court for Lack of Subject Matter Jurisdiction, respectfully shows the Court the following:

1. Plaintiff filed its complaint ("**Complaint**") against Select Car Company Inc., Donald Sanangelo, Charles D. Anthony, and Clarene Allen Anthony (collectively, "**Defendants**") on January 17, 2014 in the Hamilton County, Indiana Superior Court. The lawsuit was assigned Cause No. 29D01-1401-CC-000411. The Complaint seeks monetary damages for breach of contract and breach of personal guaranties, which are pure state law causes of action.

2. On February 11, 2014, the Defendants filed their Notice of Removal in this Court. In their Notice of Removal, the Defendants claim that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

3. However, the amount in controversy as of the date the Complaint was filed was only $60,171.60 plus $171.00 in costs of collection, which is substantially less than the $75,000.00 minimum threshold required before federal jurisdiction may exist under § 1332(a).

4. Defendants seemingly contend that, because Plaintiff is entitled under the terms of its contracts to receive attorneys' fees and costs of collection if it prevails on its Complaint, more than $75,000.00 is in controversy. Specifically, in the Affidavit of David Szwak filed along with the Notice of Removal, Mr. Szwak contends that "attorneys' fees pre-judgment in this Action will exceed $15,000.00," and that post-judgment attorneys' fees "could easily exceed $15,000.00." (Affidavit of David Szwak, p. 2, ¶ 3).

5. However, Seventh Circuit precedent holds that only the attorneys' fees incurred *at the time suit is commenced* should be considered for purposes of establishing federal jurisdiction. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1988). Because additional legal expenses may never be incurred if a defendant voluntarily chooses to pay-off the plaintiff's demand, future fees are not "in controversy" and not included in determining federal jurisdiction. *Id.* at 958. "The amount in controversy is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." *Hard v. Schering-Plough Corporation*, 253 F.3d 272 (7th Cir. 2001). Jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant. *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir.1997); *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992).

6. In this case, because the Complaint was prepared and filed by in-house counsel for the Plaintiff, Plaintiff incurred $0.00 in attorneys' fees at the time it filed the Complaint. The only cost Plaintiff incurred is $171.00 for the filing fee.

7. In its Notice of Removal, Defendants wrongfully cite *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) for the proposition that this Court should consider pre-judgment and post-judgment attorneys' fees in determining the amount in controversy. (Notice of Removal, ¶ 15). In *Cadek*, the issue before the Court was whether punitive damages permitted under Wisconsin law can be considered in determining federal jurisdiction. *See Id*. Not only were attorneys' fees not an issue before the Court in *Cadek*, the Seventh Circuit did not even use the phrase "attorneys' fees" (or a similar derivative thereof) a single time.

8. Because less than $75,000.00 is in controversy, this Court does not have subject matter jurisdiction over Plaintiff's Complaint. By law, "[i]f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Accordingly, Plaintiff respectfully requests this Court remand this case back to the Hamilton County, Indiana Superior Court.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order remanding this case to the Hamilton County Superior Court, and for all other just and proper relief.

Date: May 22, 2014

/s/ Michael G. Gibson
Gary M. Hoke (#19400-49)
Christopher M. Trapp (#27367-53)
Michael G. Gibson (#29665-49)
1320 City Center Drive, Suite 100
Carmel, IN 46032
Telephone: (317) 571-3849
Fax: (317) 571-3737
E-mail: ctrapp@nextgearcapital.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

       The foregoing has been filed with the Court via ECF and will be distributed to all ECF-registered counsel of record via ECF email, this 22th day of May, 2014.

G. John Cento
Cento Law, LLC
cento@centolaw.com

David A. Szwak
Bodenheimer, Jones & Szwak, LLC
bjsatty@bellsouth.net

                                        /s/ Michael G. Gibson
                                        Michael G. Gibson