UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NEXTGEAR CAPITAL, INC.  CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　　　1:14-cv-00203-WTL-DKL

VERSUS

SELECT CAR COMPANY, INC., JAMES
DONALD SANANGELO, CHARLES D.
ANTHONY, and CLARENE ALLEN
ANTHONY                                                JURY DEMANDED

**DEFENDANTS' RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE HAMILTON COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

MAY IT PLEASE THE COURT:

Defendants respectfully respond in opposition to Plaintiff's NextGear Capital, Inc.'s Motion to Remand to the Hamilton Superior Court for Lack of Subject Matter Jurisdiction, as follows:

**I.    PLAINTIFF'S MOTION**

Plaintiff filed its complaint against Defendants on January 17, 2014 in the Hamilton County, Indiana Superior Court. The lawsuit was assigned Cause No. 29D01-1401-CC-000411. On February 11, 2014, Defendants filed their Notice of Removal. Defendants show that diversity of citizenship subject matter jurisdiction exists under 28 U.S.C. § 1332[a][1]. The amount in controversy as of the date the Complaint was filed was more than $75,000.00 although plaintiff contends that the sum was only $60,171.60 plus $171.00 in costs of collection. Plaintiff contends that the amount in controversy is substantially less than the $75,000.00 threshold required before subject matter jurisdiction may exist under 28 U.S.C. 1332[a].

Defendants have shown that Plaintiff contends and plead that it is entitled, under the terms

of its contracts and Note, to receive attorneys' fees and costs of collection. Defendants have shown that such a claim would result in an amount in controversy greatly exceeding $75,000.00. The Affidavit of David Szwak filed along with the Notice of Removal showed that "attorneys' fees pre-judgment in this Action will exceed $15,000.00," and that post-judgment attorneys' fees "could easily exceed $15,000.00." Affidavit, Szwak, p.2, ¶3.

Plaintiff argued that Seventh Circuit precedent holds that only the attorneys' fees incurred at the time suit is commenced should be considered for purposes of establishing federal jurisdiction, citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 [7th Cir. 1988]. Plaintiff argued that because additional legal expenses may never be incurred if a defendant voluntarily chose to pay-off the plaintiff's demand, future fees are not "in controversy" and not included in determining federal jurisdiction. Id. at 958. Although disingenuous,[1] plaintiff claimed in its motion to remand only and not in evidence that, in this case, the complaint was prepared and filed by in-house counsel for the Plaintiff, thus "Plaintiff incurred $0.00 in attorneys' fees at the time it filed the Complaint. The only cost Plaintiff incurred is $171.00 for the filing fee."

Plaintiff argued that in defendants' Notice of Removal, Defendants wrongly cited *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 [7th Cir. 1995]. Plaintiff concluded its motion by asserting that because "less than $75,000.00 is in controversy, this Court does not have subject

---

[1] It is impossible to reconcile plaintiff's new assertion, in its motion to remand, DKT #13, par.6, that it had no ["$0.00"] legal fees prior to removal when, as shown in its complaint, pars. 16-18, plaintiff alleged that due to defendants' alleged "default" the plaintiff had already "*incurred additional expenses under the Note including, without limitation, attorneys' fees and court costs, all of which amounts plaintiff is entitled to recover as the holder under the Note.*" Doc. 1-2, p.3 of 51, PageID #13. Plaintiff referred to "default" as a trigger point. Plaintiff referred to expenses, including attorneys' fees, as incurred under the Note provisions, as discussed herein. Plaintiff also referenced entitlement to recovery as holder of the Note, again, tying its claims to the Note and alleged default as a trigger point.

Page -2-

matter jurisdiction over Plaintiff's Complaint. By law, "[i]f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447[c] [emphasis added]. Accordingly, Plaintiff respectfully requests this Court remand this case back to the Hamilton County, Indiana Superior Court."

## II.     *GARDYNSKI-LESCHUCK* WAS DISTINGUISHED AND LIMITED BY EL[2]

In *El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748 [7th Cir. [Ill.] 2013], the Seventh Circuit faced a similar situation.  The loan contract required the plaintiff to pay "reasonable attorney's fees, costs and expenses incurred [by AmeriCredit] in the collection or enforcement of the debt," and when such expenses are sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to "costs" or "fees" incurred in the litigation, they are considered part of the amount in controversy. Citing to *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 [1933];  *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 [7th Cir. 1998]; *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723–24 [5th Cir. 2002]; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 [10th Cir. 1998]; Comparing *Smith v. American General Life & Accident Ins. Co.*, 337 F.3d 888, 896–97 [7th Cir. 2003]; *Hart v.*

---

[2]     The Seventh Circuit, in stark departure from its sister circuits, and citing prior cases within the District of Arizona have concluded that attorneys' fees incurred after the date of removal should not be included.  Citing to *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 [7th Cir. 2000] ["legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed"]; *Lana v. State Farm Mut. Auto. Ins. Co.*, No. CV12–0771–PHX–DGC, 2012 WL 2357370 [U.S.D.C. Ariz. June 20, 2012]; *Dukes v. Twin City Fire Ins. Co.*, No. CV–09–2197–PHX–NVW, 2010 WL 94109 [U.S.D.C. Ariz. Jan.6, 2010]. On the other hand, the Tenth Circuit [and the other sister circuits, except the Seventh Circuit, with various subtle distinctions] holds that a reasonable estimate of fees likely to be recovered may be included. Citing to *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 [10th Cir. 1998]. See discussion in *Pompa-Monreal v. Coast Nat. Ins. Co.*, Not Reported in F.Supp.2d, 2012 WL 3686888 [U.S.D.C. Ariz. 2012].

*Schering–Plough Corp.*, 253 F.3d 272, 273–74 [7th Cir. 2001]; *Gardynski–Leschuck v. Ford Motor Co.*, supra, 142 F.3d at 958–59; *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 [2d Cir. 2005]; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 [11th Cir. 1994].

Plaintiff alleged claims that were not restricted by an ad damnum clause and were open-ended. "The court must measure the amount 'not ... by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 [3d Cir. 2002]; *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 [3d Cir. 1993].

Of critical importance and distinction, *Gardynski–Leschuck* found the jurisdictional minimum unsatisfied when the plaintiff's total recovery [damages plus attorneys' fees] exceeded the minimum only by counting the fees incurred during the litigation and recovered from the defendant *under a state fee-shifting statute*. Id. at 958–59. This is not a case involving a fee-shifting statute. The claims asserted are provided by contract and included in the demand. NextGear Capital, Inc., attached to its state court complaint, which was removed, a copy of the contract documents and promissory note that plaintiff claims rights under. Exh. A to the complaint. The Demand Promissory Note and Loan and Security Agreement contain a promise to pay in the sum of $75,000.00, or such greater or lesser sums as may be advanced to or on behalf of Borrower [defendants]. The same clause, still on page 1 of Exh. A, asserts that plaintiff is also entitled to "...all costs, interest, fees and expenses as provided for under this Note." Doc. 1-2, p.9 of 51, PageID #19, par. 1. Interest rate terms are specified. Id. Various add-on fees are specified. Doc. 1-2, pp.23-25 of 51, PageID #23-25. The rights and remedies claimed by plaintiff are set out by contract in Exh. A, and specifically include immediate payment, self-help rights, secured party rights, rights to cancel, rights of access, etc. Doc. 1-2, p.25 of 51, PageID #25, par. #7[a]-[d]. In addition to the Demand Promissory Note

and Loan ans Security Agreement there are other Loan Documents. Id. at pars. #7 and #8. These other documents are further addressed in par. #13. Doc. 1-2, p.27 of 51, PageID #27, par. #13. Exh. A.

Further, critical to this discussion, in the same Exh. A, there is a provision requiring defendants to pay to plaintiff "all reasonable legal fees, expenses, and collection costs incurred...as a result of any Event of Default [Id. at p.26, par. #6], ...failure to perform any obligation or satisfy any Liability under this Note or any other Loan Document and/or ...unsuccessful prosecution of affirmative claims or counterclaims..." Doc. 1-2, p.28 of 51, PageID #28, par. 18. Exh. A. The Demand Promissory Note and Loan and Security Agreement was signed and executed by the parties. Id. at PageID#30.

Further, in Exhs. B-C, the individual defendants provided personal guarantees, which included an agreement "...to pay all expenses, including attorneys' fees and court costs...paid or incurred...[by plaintiff]...in endeavoring to collect on any Liabilities and in enforcing this Guaranty or in defending claims...plus interest on such amounts at the lesser of" either 13% per annum, compounded daily, or the maximum rate allowed by law. Doc. 1-2, p.31 of 51, PageID #41, pars. 1[b],2[a]-[c]. Exh. B; Doc. 1-2, p.37 of 51, PageID #47, pars. 1[b],2[a]-[c]. Exh. C.

Here, plaintiff seeks expenses, collection costs and other assessments as part of its underlying claims and these rights and claims are provided for in the contract documents that plaintiff drafted. "The $75,000 threshold of §1332[a] is "exclusive of interest and costs," but there is an exception: "[W]hen such expenses are sought as part of an underlying claim, rather than pursuant to a separate post judgment right to 'costs' or 'fees' incurred in the litigation, they are considered part of the amount in controversy." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 2013 WL 1150210, at

\*4 [7th Cir. Mar. 20, 2013] [collecting cases]." *Cicero-Berwyn Elks Lodge No. 1510 v. Philadelphia Ins. Co.*, Not Reported in F.Supp.2d, 2013 WL 1385675 [U.S.D.C. N.D. Ill. 2013]. Further, as to attorneys' fees, in addition to the analysis and holding in *El v. AmeriCredit Financial Services, Inc.*, supra, other controlling authorities are instructive.

The contract clauses referenced in NextGear Capital, Inc.'s documents, Exhs. A-C, are not prevailing party provisions. The clauses impose liabilities on each of the defendants by virtue of pre-suit, alleged defaults. Those defaults are outlined.

### III. PLAINTIFF'S OWN COMPLAINT CONTRADICTS ITS MOTION TO REMAND

Plaintiff, in its complaint, pars. 16-18, alleged that due to defendants' alleged "default" the plaintiff had already "*incurred additional expenses under the Note including, without limitation, attorneys' fees and court costs, all of which amounts plaintiff is entitled to recover as the holder under the Note.*" Doc. 1-2, p.3 of 51, PageID #13. The assertions in the motion to remand run contrary to plaintiff's existing judicial admissions of record. Plaintiff claimed that at the time of filing it had already incurred attorneys' fees. Plaintiff's complaint sought recovery of these fees and costs in pars. 16-18,21,28,35,42. DKT#1-2. Plaintiff's motion to remand, par. 6, in stark contradiction, claimed that it had not incurred attorneys' fees prior to filing suit. That assertion is simply wrong, disingenuous and designed to mislead the court concerning jurisdiction.

An affidavit or new pleading contradicting a prior judicial admission of record by the same party must be disregarded. While courts may consider post-removal declarations[3] by the parties in

---

[3] Plaintiff's counsel's comment in the motion to remand does not constitute evidence but is a statement by the party via counsel. Defendants object to the statement as non-evidence and also as a contradiction to plaintiff's own pleadings and admissions in the complaint it filed.

deciding jurisdictional issues, the rule does not apply to new affidavits or attorney's commentary in motion or brief designed to contradict pre-existing judicial admissions of that party. By clear comparison, it is well established that a "party cannot contradict its own pleading with affidavits." *Official Comm. of the Unsecured Creditors of Color Tile. Inc. v. Coopers & Lybrand. LLP*, 322 F.3d 147, 167 [2d Cir. 2003]. "[T]he allegations in the [complaint] are 'judicial admissions' by which [plaintiff is] 'bound throughout the course of the proceeding.' [parenthethical explanation added]." *Bellefonte Re-Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528–29 [2d Cir. 1985]. If a party cannot contradict its own pleadings, an attorney's statement in a motion, specifically par. 6 of the motion to remand, cannot vary the judicial admissions of the party in its complaint.

Similar to the case at hand, in *Tovar v. Target Corp.*, No. CIV.A. SA04CA0557XR, 2004 WL 2283536 [U.S.D.C. W.D. Tex. Oct. 7, 2004], the court found that the petition stated the maximum amount of damages in four different places. In one, plaintiff limited the recovery to $74,000.00 excluding punitive damages and attorneys' fees. He later stated that the limitation included punitive damages, but he made no mention of attorneys' fees. Indeed, he requested attorneys' fees separately, in a different section. All of this contradicted plaintiff's affidavit, which purported to limit his recovery "for all damages, including attorney's fees," to $74,000.00. Id. at *1. The court concluded that the petition's many contradictions casted doubt on the scope and effect of the affidavit, and precluded a conclusive finding that the amount in controversy fell below the statutory minimum.

In *Frank Bryan, Inc. v. CSX Transp., Inc.*, Not Reported in F.Supp.2d, 2013 WL 1624886 [U.S.D.C. W.D. Pa. 2013], the court faced another instance of a plaintiff attempting to force remand by filing affidavit testimony in contradiction to the complaint that the plaintiff had previously filed.

There, the court held "[A]s Defendant points out in its opposition to remand, Plaintiff relies on an affidavit by Robert Halstead in support of remand which appears at odds with his export report attached to the Complaint, FN2 as well as his prior sworn testimony I n a related proceeding.FN3 Defendant argues that it is well established that the amount in controversy is measured at the time of removal, and therefore, Plaintiff's after-the-fact attempt to rewrite the Complaint with Halstead's subsequent contradictory affidavit is of no moment. [footnote contents omitted]."

Of course, allegations in a complaint are judicial admissions by a party and are binding. In *Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 [7th Cir. 1997] , the court held that plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts" and "judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible."  In *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 [2d Cir. 1985], the court held that a party cannot contradict its own pleading with affidavits.

Many courts have expressed the types and kinds of admissible evidence to contradict or prove the "amount in controversy" for purposes of diversity of citizenship subject matter jurisdiction. "In *McPhail v. Deere & Co.*, 529 F.3d at 954, the Tenth Circuit also cited, with seeming approval, the following approach to establishing the amount in controversy articulated by the Ninth Circuit in *Meridian Security Ins. Co. v. Sadowski*: [T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done-by contentions interrogatories or admissions in state court; by calculation from the complaint's [ ]; allegations[ ]; by reference to the plaintiff's informal estimates or settlement demands[ ]; or by introducing evidence, in the form of affidavits from the defendant's employees or

experts, about how much it would cost to satisfy the plaintiff's demands[ ]. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint [what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant].... Once the estimate has been made-and contested factual allegations that support the estimate have been established in a hearing under Rule 12[b][1] by admissible evidence [that's what 'competent' proof means]-then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.  Id. at 541-42 [citations omitted]. FN12 [[FN12. The reference to " *St. Paul Mercury* " is a reference to *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 [1938] holding that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."]]." *Spataro v. Depuy Orthopaedics, Inc.*, Not Reported in F.Supp.2d, 2009 WL 382617 [U.S.D.C. N.M. 2009].

### IV.   THE RESERVE ACCOUNT SEIZURE THROUGH SELF-HELP

In addition to the claims stated in the complaint, through the Note at issue, Plaintiff seized a large set of funds in a reserve account belonging to defendant Dealer and has held titles to numerous automobiles that have been sold and are being sold by defendant.  The complaint filed carefully ignored the self-help portion of plaintiff's activities however plaintiff referenced the same "collateral" and the Note and Guaranty documents are filed in the record.  The self-help measure again raises the sums that plaintiff is asserting rights to and which detriment these same defendants.  The reserve account sums are in excess of $50,000.00 The value of the automobile titles being held and clouded by plaintiff exceeds $30,000.00 The unspecified collateral claims alluded to in the

complaint must be addressed in the Action between the parties.

## V.     THE SOLE AND UNREFUTED POST-REMOVAL EVIDENCE OF RECORD: SZWAK'S AFFIDAVIT

The only post-removal evidence of record is Szwak's Affidavit and it is unrefuted to date. It was filed with the Notice of Removal. Szwak's Affidavit showed that, collectively, plaintiff seeks damages, collection costs [not "costs" defined in 28 U.S.C. 1920] and attorneys' fees, which are used in calculating the amount in controversy given that these fees are provided for by contract. Exhibits A-D to the Notice of Removal. Plaintiff attached to the Complaint: [a] as Exhibit A, a copy of the Demand Promissory Note and Loan and Security Agreement, Appendix A, Advance Schedule, Reserve Agreement, and Power of Attorney; [b] as Exhibit B, Individual Guaranty of James Donald SanAngelo; [c] as Exhibit C, Individual Guaranty of Charles D. Anthony; [d] as Exhibit D, Individual Guaranty of Clarene Allen Anthony. Exhibit A, par. 18, provides for legal fees, expenses, and collection costs. Exhibits B, C and D, pars. 1[b], 2[a], 2[b], 2[c], 4, respectively, also provide for legal [attorneys'] fees [pre-judgment and post-judgment], expenses, and collection costs. Prior to filing suit, plaintiff contends that it made amicable demand and other pre-suit activities, including an implicit good faith efforts to make demands and resolve the dispute pre-suit and an implicit necessary pre-suit investigation by counsel to determine the accuracy of the claims asserted. Szwak opined that "the amount in controversy in this Action easily exceeds $75,000.00 and very likely, as plead, would easily exceed $100,000.00, which is more than adequate to meet the threshold for jurisdiction under 28 U.S.C. 1332, together with the fact that the plaintiff and defendants are diverse in their citizenship and removal is timely in this matter." Plaintiff made no effort to contradict Szwak's Affidavit and that Affidavit is unrefuted competent proof. The time for plaintiff to file any

possible evidence to contradict Szwak's Affidavit was with the motion to remand and not in an anticipated reply by plaintiff.

**CONCLUSION**

Plaintiff's motion to remand should be denied.

Respectfully submitted,

**CENTO LAW, LLC**

/s/ G. John Cento
By: _____
G. John Cento
Cento Law, LLC
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana   46204
317-396-2545
cento@centolaw.com

**BODENHEIMER, JONES & SZWAK, LLC**

/s/ David A. Szwak
By:_____
David A. Szwak, LBR# 21157
416 Travis St., Ste. 1404
Mid South Towers
Shreveport, Louisiana 71101
[318] 424-1400
Fax    221-6555
**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon all counsel, as noted below, by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid, on this the 3RD day of June, 2014.

Gary Hoke
Michael Gibson
1320 City Center Dr., Suite 100
Carmel, Indiana  46032
[317] 571-3849
Fax   571-3737
Attorneys for Plaintiff

                          /s/ David A. Szwak

                          **OF COUNSEL**