UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:14-cv-00203-WTL-DKL |
| | ) | |
| SELECT CAR COMPANY, INC., | ) | |
| JAMES DONALD SANANGELO, | ) | |
| CHARLES D. ANTHONY, and | ) | |
| CLARENE ALLEN ANTHONY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND**

Plaintiff, NextGear Capital, Inc. ("**Plaintiff**"), by counsel, for its Reply Brief in Support of its Motion to Remand, shows the Court the following:

**INTRODUCTION**

In its Complaint, Plaintiff demanded a judgment against the Defendants, jointly and severally, in the sum of $60,171.60, plus "*post*-judgment attorney fees and court costs that [Plaintiff] may incur in the collection of any judgment." On the face of the Complaint, the amount in controversy is substantially less than the $75,000.00 requirement for diversity jurisdiction to exist. Nonetheless, Defendants contend that the Court should add to Plaintiff's demand the hypothetical attorneys' fees which Defendants' counsel "believes" Plaintiff will *eventually* incur in this action. In making this argument, the Defendants entirely disregard the well-established rule in the Seventh Circuit that only attorneys' fees incurred *at the time of removal* should be counted in determining diversity jurisdiction.

As explained herein, it is the Defendants' burden to prove that the amount in controversy, as of the date their Notice of Removal was filed, equaled or exceeded $75,000.00. The Defendants

have not met their burden of proof.  In fact, they fail to even identify what amount they contend was in controversy as of the date the Notice of Removal was filed, let alone submit evidence sufficient to prove their allegation.  Accordingly, this Court should remand this case to the Hamilton County Superior Court.

**ARGUMENT**

I.      **Standard of Review:  Defendants have the burden of proving federal jurisdiction notwithstanding Plaintiff is the party seeking remand.**

In the context of a motion to remand, the removing party bears the burden of demonstrating that the amount in controversy requirement is satisfied by presenting "*evidence* of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt." *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997) (emphasis in original).  The removing party must meet this standard by a preponderance of the evidence.  *Oschana v. Coca-Cola Co*., 472 F.3d 506, 511 (7th Cir. 2006).

Federal courts are courts of limited jurisdiction.  *Kokkoken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.  Consequently, the removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  If a district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

II.     **The law is well-settled in the Seventh Circuit that only attorneys' fees incurred *before removal* can be considered in determining subject matter jurisdiction.**

The well-settled rule in this Circuit is that only attorneys' fees incurred *before a case is removed* can be counted toward the amount in controversy for purposes of establishing diversity

2

jurisdiction. *Smith v. American Gen. Life & Accident Ins. Co.,* 337 F.3d 888, 896–97 (7th Cir. 2003); *Hart v. Schering–Plough Corp.,* 253 F.3d 272, 274 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958–59 (7th Cir. 1998).  "Post-filing attorneys' fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, if at all, at the time of filing." *Smith*, 337 F.3d at 896–97 (7th Cir.2003); *See also Hart*, 253 F.3d 272, 274 (7th Cir. 2001) ("legal expenses incurred after a case is filed in federal court do not count toward the amount in controversy").

In the seminal case of *Gardysnki-Leschuck v. Ford Motor Co*., 142 F.3d 955, 958 (7th Cir. 1998), the Seventh Circuit held that anticipated post-removal attorneys' fees could not be considered when determining jurisdiction because "jurisdiction depends on the state of affairs when the case begins[,] what happens later is irrelevant."[1] *Id*.  In reaching its holding, the Seventh Circuit considered, but expressly rejected, an approach that would use "the anticipated outlay [of attorneys' fees], reducing uncertainties to present value much the way the expected value of lost future income is determined in a tort case." *Id*.  In rejecting this approach, the Court reasoned that

> [T]his calculation includes the value of legal services that have not been and may never be incurred, and are therefore not "in controversy" between the parties. Unlike future income lost to injury, legal fees are avoidable.

*Id*.  The Court further reasoned that "a plaintiff who receives everything she asks for in the complaint has no remaining dispute with the defendant," and a plaintiff cannot turn down payment in full of its demand on the ground that a defendant has not paid attorneys' fees that had not been

---

[1] Notably, while *Gardynski-Leschuck* addressed the amount "in controversy" for purposes of jurisdiction under the Magnuson-Moss Warranty Act, the Seventh Circuit has made clear that its holding is equally applicable to cases concerning alleged diversity jurisdiction.  *See Carolina Cas. Ins. Co. v. Merge Healthcare Solutions Inc*., 728 F.3d 615, 617 (7th Cir. 2013) (citing *Gardynski-Leschuck* for the rule that "fees for time spent after a suit begins do not count toward the amount in controversy required for suits under diversity jurisdiction").

incurred. *Id*. at 959. For this reason, the Court noted that "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not 'in controversy' when the suit is filed." *Id*. at 959.

In the case-at-bar, citing to *Gardynski-Leschuck*, the Defendants concede in their Objection that

> The Seventh Circuit, in stark departure from its sister courts, and citing prior cases within the District of Arizona [,] have concluded that attorneys' fees incurred after the date of removal should not be included.

(Objection, p. 3, FN 2). Notwithstanding this admission, they argue that "*Gardynski-Leschuck* was distinguished and limited by *El* [*v. AmeriCredit Financial Services, Inc*., 710 F.3d 748 (7th Cir. 2013)]". (Objection, p. 3). They elaborate that *Gardynski-Leschuck* concerned attorneys' fees awardable under a fee-shifting statute, whereas *El* concerned attorneys' fees awardable by contract. (Objection, p. 3).

Contrary to Defendants' argument, *El* neither distinguished *Gardynski-Leschuck*, nor implied that post-removal attorneys' fees awardable by contract, as opposed to statute, may be considered in determining diversity jurisdiction. In *El*, in relevant part, the district court entered a default judgment on a counterclaim asserted by AmeriCredit in the sum of $13,582.75, plus costs. *El*, 710 F.3d at 752. On an appeal initiated by the plaintiff/counterclaim-defendant, the Seventh Circuit held that the district court did not have subject matter jurisdiction over the counterclaim, reversed the judgment, and remanded to the district court with instructions to vacate the default judgment and dismiss the counterclaim without prejudice. *Id*. at 754. In reaching its holding, the Seventh Circuit **cited** (rather than distinguished) *Gardynski-Leschuck* for the proposition that "when [attorneys' fees, costs, and expenses] are sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to 'costs' or 'fees' incurred in the litigation, they are

considered part of the amount in controversy." *Id*. at 753 (citing, among other authority, *Gardynski-Leschuck*, 142 F.3d at 958). However, the Court found that it was "inconceivable" that the counterclaim was worth more than $75,000 exclusive of interest and costs "when we consider the default judgment that AmeriCredit does not challenge as inadequate—a measly $13,582.75, plus costs." *Id*.

*El* did not even address the issue of whether post-removal attorneys' fees may be counted for determining diversity jurisdiction. Consequently, the distinction Defendants attempt to draw between *Gardynski-Leschuck* and *El* is a classical "distinction without a difference." Moreover, the rationale of *Gardynski-Leschuck* – that attorneys' fees that have not been incurred are not in controversy – is equally applicable regardless if the basis for an award of attorneys' fees is statute, contract or otherwise. Once again, as the Seventh Circuit has noted, "jurisdiction depends upon the state of affairs at the time the case begins; what happens later is irrelevant." *Gardynski-Leschuck*, 142 F.3d at 958.

### III.   Defendants have not met their burden of proving that the amount in controversy as of the date they filed their Notice of Removal equaled or exceeded $75,000.00.

Once again, the Defendants, *not the Plaintiff*, have the burden of establishing that diversity jurisdiction exists. *In re Brand Name Prescription Drugs Antitrust Litig*., 123 F.3d at 607. The Defendants have not met their burden, especially in light of the fact "the removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand." *Doe v. Allied–Signal, Inc.,* 985 at 911.

The only "evidence" Defendants have submitted into the record pertaining to the amount of attorneys' fees and costs at issue is the Affidavit of its counsel, David Szwak. However, that Affidavit merely suggests that Mr. Swzak "believe[s] that the attorneys' fees pre-judgment in this

Action will exceed $15,000.00."  To the extent the Affidavit has *any* evidentiary value,[2] it does not have any relevance towards what attorneys' fees had been incurred *at the time of removal*, which is the only germane issue.  By analogy, one cannot prove that it rained on June 10th by making a sworn statement that "I believe it will rain sometime in June."

Rather than focus on presenting evidence of their own, the Defendants' Objection goes to great lengths to argue that Plaintiff is judicially estopped from arguing that it has not incurred attorneys' fees.  As pointed out by Plaintiff in its Motion for Remand, Plaintiff has prosecuted this case by and through in-house counsel.  As a result, Plaintiff has expended no attorneys' fees.

Contrary to Defendants' argument, it does not logically follow that, *if* Plaintiff incurred attorneys' fees, it must have incurred attorneys' fees worth in excess of $14,000.00, which is what is required for federal jurisdiction.  To the contrary, to the extent that Plaintiff sought compensation for the time its in-house counsel spent on this case prior to the Notice of Removal, any potential fee award would be limited to what the Court would deem "reasonable."  In this case, as of the date of removal, Plaintiff's counsel had nothing more than prepare a simple "form complaint."  Notwithstanding that it is their burden of proof, Defendants have not introduced any evidence that Plaintiff's attorneys completed any work prior to the notice of removal besides preparing the Complaint.

---

[2]  Plaintiff submits that the portion of the Affidavit concerning what Mr. Swzak *believes* is not just lacking weight, but is inadmissible and should be disregarded by the Court.  An affidavit made "upon information and belief" is not based on personal knowledge.  *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000).  *See also* Fed. R. Evid. 602 ("a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

## CONCLUSION

For the reasons set forth herein, this case should be remanded back to the Hamilton County

Superior Court.

Date: June 10, 2014                          /s/ Michael G. Gibson
                                             Christopher M. Trapp (#27367-53)
                                             Michael G. Gibson (#29665-49)
                                             1320 City Center Drive, Suite 100
                                             Carmel, IN  46032
                                             Telephone:  (317) 571-3736
                                             Facsimile: (317) 571-3737
                                             chris.trapp@nextgearcapital.com
                                             michael.gibson@nextgearcapital.com
                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing has been filed with the Court via ECF and will be distributed to all ECF-registered counsel of record via ECF email , this 10th day of June, 2014.

G. John Cento
Cento Law, LLC
cento@centolaw.com

David A. Szwak
Bodenheimer, Jones & Szwak, LLC
bjsatty@bellsouth.net

                                             /s/ Michael G. Gibson
                                             Michael G. Gibson

7