UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-cv-203-WTL-DKL |
| | ) |
| SELECT CAR COMPANY, INC., JAMES | ) |
| DONALD SANANGELO, CHARLES D. | ) |
| ANTHONY and CLARENE ALLEN | ) |
| ANTHONY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand (dkt. no. 13). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In this breach of contract and breach of personal guaranties case, the Plaintiff and the Defendants entered into a Demand Promissory Note and Loan and Security Agreement for $75,000.00. The Plaintiff asserts that the funds advanced have not been fully repaid as agreed, and that the Defendants failed to make payments on the principal and/or interest. The Plaintiff asserts that as of January 13, 2014, the Defendants owe the Plaintiff $60,171.60, exclusive of attorneys' fees and costs.

The case was originally filed in Hamilton County Superior Court. It was timely removed to this Court by the Defendants. In the notice of removal, the Defendants assert that they are citizens of Louisiana, that the Plaintiff is a citizen of Indiana, and that the amount in controversy exceeds $75,000. Therefore, they assert that there is complete diversity of citizenship and this

Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

In the instant motion, the Plaintiff argues that this Court lacks jurisdiction over this case because the Defendants have failed to establish that the case satisfies the $75,000 amount in controversy required by 28 U.S.C. § 1332.  The Plaintiff is correct in its assertion that attorneys' fees can be considered to satisfy the amount in controversy only if the fees have been incurred at the start of the suit.  "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of the damages. . . . Yet jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (internal citations omitted).  The Plaintiff asserts that by using in-house counsel, it has not incurred attorneys' fees, and its only expense was a $171.00 filing fee.  Even with this fee added to the $60,171.60 in dispute, the amount in controversy is not satisfied.

The Defendants rely on *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748 (7th Cir. 2013), to  argue that when attorneys' fees are sought as part of an underlying claim, rather than in a separate post-judgment right to fees incurred in the litigation, the attorneys' fees are considered part of the amount in controversy.  While *El* did note that distinction, it did not contravene the Seventh Circuit's rule that only attorneys' fees incurred at the start of the suit can be counted toward the amount in controversy.  As noted above, the Plaintiff asserts that it has only incurred expenses of $171.00, and even with this amount considered, the amount in controversy is not satisfied.

Because the amount in controversy is not met, this Court lacks subject matter jurisdiction over this case and removal was improper.  Accordingly, the Plaintiff's motion to remand (dkt. no. 13) is **GRANTED**.  This case is **ORDERED REMANDED** to the Hamilton County

Superior Court.  **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Hamilton County Superior Court.**

SO ORDERED: 07/18/2014

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication